IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HECTOR A. VALLADARES MIRANDA, <br><br> Petitioner, <br><br> vs. <br><br> ROBERT MADSEN, Warden of Nebraska State Penitentiary; and SCOTT FRAKES, Director of Department of Corrections; <br><br> Respondents. | **8:18CV72** <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on Respondents' Motion for Summary Judgment. (Filing No. 8.) Respondents argue that Petitioner Hector A. Valladares Miranda's Petition for Writ of Habeas Corpus (Filing No. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

**A. Conviction and Direct Appeal**

Pursuant to a plea agreement, Miranda pleaded no contest to first degree sexual assault. (Filing No. 9-2 at CM/ECF pp. 2-3.)[1] The state district court sentenced Miranda to 35 to 45 years' imprisonment with credit for 368 days served. (*Id.* at CM/ECF p. 3.) On February 18, 2015, the Nebraska Court of Appeals

---

[1] *See also State v. Miranda*, Case No. CR 13-1562, District Court of Lancaster County, Nebraska, at https://www.nebraska.gov/justice//case.cgi. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

summarily affirmed Miranda's conviction and sentence on direct appeal. ([Filing No. 9-1 at CM/ECF p. 2](#).) Miranda did not petition the Nebraska Supreme Court for further review. (*[Id.](#)*) The mandate was issued on March 26, 2015. (*[Id.](#)*)

## B. Postconviction Motion

On February 18, 2016, Miranda filed a pro se verified motion for postconviction relief in the state district court. ([Filing No. 9-3 at CM/ECF pp. 1-6](#).) On April 8, 2016, Miranda filed a verified amended motion for postconviction relief. (*[Id.](#) at CM/ECF pp. 7-18*.) On September 9, 2016, the state district court denied Miranda postconviction relief without an evidentiary hearing. (*[Id.](#) at CM/ECF pp. 19-23*.)

Miranda appealed the denial of postconviction relief to Nebraska's appellate courts. On October 6, 2017, the Nebraska Court of Appeals affirmed the state district court's denial of postconviction relief. ([Filing No. 9-1 at CM/ECF p. 4](#); [Filing No. 9-2](#).) The Nebraska Supreme Court denied Miranda's petition for further review on December 11, 2017, and issued its mandate on December 27, 2017. ([Filing No. 9-1 at CM/ECF p. 5](#).)

## C. Habeas Petition

Miranda filed his Petition for Writ of Habeas Corpus in this court on February 16, 2018. ([Filing No. 1](#).) Thereafter, Respondents moved for summary judgment ([Filing No. 8](#); [Filing No. 10](#)), arguing the habeas petition is barred by the statute of limitations. Miranda did not file a brief in opposition to Respondents' motion. This matter is fully submitted for disposition.

## II. ANALYSIS

### A. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "The statute of limitations is tolled while state post-conviction or other collateral review is pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Miranda's conviction became final on March 20, 2015, the date on which Miranda's time for pursuing review in the Nebraska Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 137, 150 (2012) (holding that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires); *see also* Neb. Rev. Stat. § 24-1107 (thirty days to petition for further review from when the Court of Appeals issues its decision); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review and memorandum brief in support must be filed within 30 days after the release of the opinion of the Court of Appeals). Accordingly, the one-year limitations period began to run from March 20, 2015.

On February 18, 2016, Miranda filed a motion for postconviction relief, which tolled the limitations period. *See King*, 666 F.3d at 1135. However, by the time the motion for postconviction relief was filed, a total of 335 days of the limitations period had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state postconviction relief is filed counts against the

one-year period"). The statute of limitations remained tolled until the postconviction proceedings concluded on December 27, 2017. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (a state postconviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court). Another 51 days of the one-year period expired between the conclusion of the postconviction proceedings and the filing of the habeas petition. Miranda's habeas petition is, therefore, untimely under 28 U.S.C. § 2244(d)(1)(A). Miranda has not presented the court with any reason to excuse him from the procedural bar of the statute of limitations.

### III.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his or her petition for writ of habeas corpus under 28 U.S.C. § 2254 unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined Miranda is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.      Respondents' Motion for Summary Judgment ( Filing No. 8) is granted.

2.      Petitioner's habeas petition (Filing No. 1) is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3.      The court will not issue a certificate of appealability in this matter.

4.      The court will enter a separate judgment in accordance with this order.

Dated this 22nd day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge